UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL OROZCO, a minor,
by his next friend, ESMERELDA OROZCO,

    Plaintiff,

v.                                                                 CIVIL NO. 13-cv-12288
                                                      HON. ROBERT H. CLELAND
UNITED STATES OF AMERICA,   MAG. J. MICHAEL J. HLUCHANIUK

    Defendant.
_____/

## **STIPULATED PROTECTIVE ORDER**

Based on the stipulation of the parties as reflected by their signatures below, it is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 26(c) that:

1.    This Protective Order shall govern the production and disclosure of any documents, electronically stored information, materials, things, discovery material (including responses to interrogatories, depositions, and requests to admit), materials filed with the Court, or testimony in this action.

2.    This order is entered for the purpose of protecting against the unauthorized disclosure of healthcare information.

3.    This order permits the disclosure, in the course of this action, of records contained within a system of records, as described by the Privacy Act, 5 U.S.C.

§ 522a, and of records protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 (HIPAA), reasonably necessary or useful to respond to discovery or to defend this action. The order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure.

4. Such information shall be disclosed by one or more parties only to other parties and their potential witnesses, whether lay or expert, and only through their attorneys. The parties' attorneys shall not disclose any of the records or information to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this case. The parties' attorneys shall insure that any person, excepting themselves, their staff, and the Court and its personnel, to whom disclosure may be made pursuant to this order shall, prior to such disclosure, have read and understood this order and acknowledged an agreement to be bound by this order. Such records shall be maintained in strict confidence by the parties' attorney, the parties, and their witnesses. The parties, their attorneys, and their witnesses are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation.

5. Any discovery materials disclosed to the parties or their witnesses

under this order shall be used only to prepare for and to prosecute this action.

6. All records produced pursuant to this order shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

a. The disclosing party shall only designate records as subject to this order that it reasonably believes warrant such treatment, and shall notify the other parties in writing of all records so designated;

b. Other parties may challenge such designation by motion to the Court, and such motion shall contain a certification that the challenging party has in good faith conferred or attempted to confer with the designating party in an effort to resolve any disagreement about such designation;

c. All records, copies, and summaries thereof, save those filed with the Court, shall be returned to the disclosing party (or destroyed upon agreement of the disclosing party) within sixty (60) days after termination of this litigation. "Termination of this litigation" shall occur upon the entry of a final order of this court, or the expiration of the time for an appeal of the final order of the district court by any party, or the entry of the mandate by the court of appeals after the

disposition of an appeal of the final order of the district court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. The receiving parties shall certify that all records and copies thereof have been returned to the disclosing party, or, if the disclosing party agrees, destroyed; and

d. The parties shall take all reasonable steps to protect the privacy of individuals who are not parties to this litigation in any filing with the court that contain records or summaries of records that are protected by this order.

7. This order does not constitute a ruling on the question of whether particular records are discoverable or admissible, and it shall not be construed as a waiver by a disclosing party of any objections which might be raised as to the admissibility of any records that are produced pursuant to this order.

8. This order does not prevent the parties from asserting any legally cognizable privilege to withhold any document or information.

9. Any allegations of abuse or violation of this order will be considered by the Court either for purposes of determining whether it should enter sanctions, including a contempt of court order.

>s/Robert H. Cleland
>ROBERT H. CLELAND
>United States District Judge

Dated: September 5, 2013

SO STIPULATED.

| HERTZ SCHRAM, P.C. | BARBARA L. McQUADE |
| --- | --- |
| | United States Attorney |
| | |
| /s/ Jay G. Yasso (with consent) | /s/ Theresa Urbanic |
| JAY G. YASSO (P45484) | THERESA URBANIC (P68005) |
| Attorney for Plaintiff | Assistant U.S. Attorney |
| 1760 S. Telegraph Rd., Ste. 300 | 211 W. Fort Street, Suite 2001 |
| Bloomfield Hills, Michigan 48302 | Detroit, Michigan 48226-3211 |
| (248) 335-5000 | (313) 226-9778 |
| jyasso@hertzschram.com | theresa.urbanic@usdoj.gov |

September 3, 2013

5